**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 AUG 13  PM 2:55

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| MICHAEL TAYLOR, | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. |
| | * CV 313-045 |
| NATIONAL SECURITY AGENCY, | * |
| Defendant. | * |

**O R D E R**

Plaintiff Taylor, acting *pro se*, commenced this action under the Freedom of Information Act ("FOIA") on July 5, 2013, seeking to compel Defendant to produce certain documents related to Defendant's alleged surveillance of him. On August 5, 2013, Plaintiff filed an amended complaint, seeking "to have the Court compel [D]efendant, the National Security Agency, to [p]rovide him with a copy of the non secret components of each application for the order(s) authorizing and/or approving the interception of [P]laintiff's wire, oral, and electronic communications that was made in writing upon oath or affirmation to a judge." (Doc. no. 13, at 2.)

Defendant answered on August 6, 2013, and on the same day filed a motion for summary judgment.[1]

On August 7, 2013, Plaintiff, still acting *pro se*, filed a motion for a temporary restraining order. (Doc. no. 17.) Plaintiff classifies himself as the "Director of the Spy Syndicate" and alleges that unnamed National Security Agency ("NSA") personnel-who are located in Maryland-communicate with him constantly and stalk him, even though he is located in Georgia and does not have any type of communication device. (Doc. no. 17, 2-4.) Plaintiff alleges that various (unnamed) NSA employees directed inappropriate, cursing, insulting, and threatening language at him. Plaintiff further contends that NSA employees "have the capability to have sex with" him, despite his acknowledgment of significant geographical separation. Plaintiff moves the Court to issue a restraining order against the NSA, to schedule a hearing on this matter, and to order the "NSA's director to appear at a hearing and question him under oath as to whether NSA personnel communicate to [P]laintiff almost on a daily basis . . . ." (Doc. no. 17, at 1-2.)

A party moving for a temporary restraining order or for a preliminary injunction must show the following: (1) a substantial likelihood that he will eventually prevail on the

---

[1] Defendant's motion for summary judgment remains pending before the Court and is not addressed in this Order.

2

merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not be adverse to the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

Here, Plaintiff has failed to meet his burden. Plaintiff alleges that the challenged activity began as early as ten years ago but fails to describe or demonstrate any quantifiable or potential injury, loss, or damage he will suffer if the injunction is not granted. Further, aside from the impossibility of some of the factual allegations, Plaintiff's contentions reek of implausibility. See generally Carter v. Ingalls, 576 F. Supp. 834 (1983). The Court further concludes that Plaintiff has failed to show or allege a substantial likelihood that he will eventually prevail on the merits of the underlying action.

Accordingly, Plaintiff's motion for a temporary restraining order (doc. no. 17) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE