ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 SEP 30 AM 9: 47
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL TAYLOR, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. CV 313-045 |
| NATIONAL SECURITY AGENCY, | * | |
| Defendant. | * | |

# O R D E R

Before the Court is Defendant's motion for summary judgment and Plaintiff's motion to amend judgment. For the reasons stated herein, Defendant's motion is **GRANTED**, and Plaintiff's motion is **DENIED**.

## I. INTRODUCTION

Plaintiff Michael Taylor, proceeding pro se, brought this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act, 5 U.S.C. § 552a, to obtain documents and information alleged to be in the possession of the National Security Agency ("Defendant" or "N.S.A.").

On March 18, 2013, Plaintiff submitted a FOIA and Privacy Act request to Defendant, seeking "a copy of any and all records about [Plaintiff] maintained by the National Security

Agency" and, among other things, each application for the "order authorizing and/or approving the reading of [Plaintiff's] mind, to listen to [Plaintiff's] thoughts, and to eavesdrop on the [Plaintiff's] thoughts." (Sherman Decl., Ex. 1.)

Two weeks later, Defendant responded to Plaintiff explaining that his FOIA request was denied for national security reasons under Exemptions 1 and 3 of FOIA.[1] Plaintiff exhausted Defendant's appeals process then sought relief in this Court on July 5, 2013.

On August 1, 2013, Defendant moved for summary judgment, which the Court granted in part and denied in part. On Plaintiff's FOIA claim, the Court found that FOIA's Exemption 3 applied to Plaintiff's request. Because Exemption 3 was applicable, the Court did not reach the question whether Exemption 1 also applied. The Court denied Defendant's motion for summary judgment as to Plaintiff's Privacy Act claim, explaining that

> [u]ntil Defendant can provide sufficient evidence affirmatively showing that it is entitled to an exemption under the Privacy Act and that it conducted a reasonable search for records responsive to Plaintiff's Privacy Act request,

---

[1] FOIA contains nine exemptions, set forth at 5 U.S.C. § 552(b)(1). Exemption 1 protects national security information while Exemption 3 incorporates into FOIA certain nondisclosure provisions that are contained in other federal statutes including those protecting classified information.

2

summary judgment on this ground is unwarranted.

(Order of Aug. 1, 2013, at 31.). The Court ordered that the period for filing civil motions was reopened for a period of thirty days. During that new filing period, Defendant filed a second motion for summary judgment addressing the deficiencies in its first motion for summary judgment and Plaintiff filed a motion to amend judgment as to his FOIA claim.

## II. SUMMARY JUDGMENT STANDARD

The Court should grant summary judgment only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Facts are material if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw all justifiable inferences in its favor. United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Cntys., 941 F.2d 1428, 1437 (11th Cir. 1991)(en banc)(internal punctuation and citations omitted).

The Clerk has given the non-moving party notice of the motion for summary judgment and the summary judgment rules, of the right to file affidavits or other materials in opposition, and of the consequences of default. (Doc. no. 12.) Therefore,

the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. The time for filing materials in opposition has expired, and the motions are ripe for consideration.

### III. DISCUSSION

A. Standard of Review

"The Freedom of Information Act established a broad mandate for disclosure of governmental information by requiring that all materials be made public unless explicitly allowed to be kept secret by one of the exemptions." C.I.A. v. Sims, 471 U.S. 159, 182 (1985)(citing S.Rep. No. 813, 89th Cong., 1st Sess., 10 (1965)). "The Act requires courts to review de novo agency claims of exemption, and it places on the agency the burden of defending its withholding of information." Id. (citing 5 U.S.C. § 552(a)(4)(B)); News-Press v. United States Department of Homeland Security, 489 F.3d 1173, 1187 n. 13 (11th Cir. 2007)("[T]he FOIA clearly provides that a district court's review of an agency's decision to withhold information is de novo, see 5 U.S.C. § 552(a)(4)(B), but is silent as to the proper standard of appellate review."); Civil Liberties Union of Michigan v. F.B.I., 734 F.3d 460, 465 (6th Cir. 2013)("The district court reviews an agency's decision to deny a FOIA request de novo, with the burden on the agency to justify its withholding.")(citing 5 U.S.C. § 552(a)(4)(B)); Bloomberg, L.P.

4

v. Board of Governors of the Federal Reserve System, 601 F.3d 143, 147 (2d Cir. 2010)("The agency's decision that the information is exempt from disclosure receives no deference; accordingly, the district court decides de novo whether the agency has sustained its burden.")(citing 5 U.S.C. § 552(a)(4)(B)); Batton v. Evers, 598 F.3d 169, 175 (5th Cir. 2010)("[T]he FOIA statute provides that, when the Government withholds information from disclosure, the agency has the burden to prove de novo that the information is exempt from disclosure.")(citing 5 U.S.C. § 552(a)(4)(B)); see 5 U.S.C. § 552(a)(4)(B)("On complaint, the district court of the United States. . . has jurisdiction to enjoin the agency from withholding agency records. . . In such a case, the court shall determine the matter de novo, and may examine the contents of such records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions. . .").

B. Analysis

As noted, the Court identified two deficiencies in Defendant's first motion for summary judgment:

> (1) Defendant did not adequately explain that Plaintiff's request is covered by an exemption under the Privacy Act; and
>
> (2) Defendant did not provide sufficient evidence showing that Defendant did, in fact, conduct a reasonable search for Plaintiff's records.

The Court addresses each issue in turn in light of the

5

information and authorities provided by Defendant, the National Security Agency, in its second motion for summary judgment. In short, Defendant corrects the problems the Court identified in the first motion for summary judgment.

A. Exemption under the Privacy Act

The text of the Privacy Act provides that

> [t]he head of any agency may promulgate rules [in accordance with statutory requirements] to exempt any system of records within the agency from [Privacy Act provisions governing agency responses to requests for information] if the system of records is subject to the provision of section 552(b)(1) of this title.

5 U.S.C. § 552a(k)(1). Section 552(b)(1), incorporated by reference in this Privacy Act exemption, is Exemption 1 of FOIA which protects from disclosure classified information. 5 U.S.C. § 552(b)(1). According to this statutory scheme, finding that information is covered by Exemption 1 of FOIA means that the same information is also exempt under the Privacy Act. See Makky v. Chertoff, 489 F. Supp. 2d 421, 440 (D.N.J. 2007), aff'd, 541 F.3d 205 (3$^d$ Cir. 2008)(information exempt under Exemption 1 of FOIA is also exempt under the Privacy Act and therefore a court can analyze them together); see also Bassiouni v. C.I.A., 392 F.3d 244, 245 (7th Cir. 2004)(J. Easterbrook)(upholding C.I.A.'s refusal to hand over or describe documents that mention plaintiff pursuant to FOIA and Privacy Act because both FOIA and the Privacy Act contain exceptions for classified information).

6

Accordingly, the Court will now address whether Exemption I of FOIA applies to Plaintiff's request. Defendant asserts that if any such intelligence records were to reside in an N.S.A. Privacy Act System of Records, N.S.A. could not publicly confirm or deny the existence or non-existence of those intelligence records. In support of this position, Defendant submits two declarations by Mr. David J. Sherman, the Associate Director for Policy and Records at N.S.A. Mr. Sherman's responsibilities include asserting FOIA and Privacy Act exemptions over N.S.A. information in the course of litigation. Mr. Sherman states that N.S.A.'s determination that it could not acknowledge the existence or non-existence of intelligence information on Plaintiff is proper because a positive or negative response to Plaintiff's request would reveal information that is currently and properly classified in accordance with Executive Order 13526 and is thus exempt from disclosure under Section 552(b)(1) of FOIA. Therefore, the request is also exempt from disclosure under Section 552a(k)(1) of the Privacy Act.

Although a court conducts a _de novo_ review of an agency's use of a FOIA exemption in the context of national security concerns, "courts must accord <u>substantial weight</u> to an agency's affidavit concerning the details of the classified status of the disputed record." <u>Wolf v. C.I.A.</u>, 473 F.3d 370, 374 (D.C. Cir. 2007)(internal citations and punctuation omitted)(emphasis

7

in original)(citing <u>Krikorian v. Dep't of State</u>, 984 F.2d 724, 738 (D.C. Cir. 1993)(noting deference to expertise of agencies engaged in national security and foreign policy)). Here, summary judgment in favor of Defendant on Plaintiff's Privacy Act claim is warranted because Mr. Sherman's declarations describing the justification for nondisclosure are reasonably specific and are not controverted either by contrary evidence in the record nor by evidence of agency bad faith.

B. Reasonable Search for Plaintiff's Records

The second deficiency the Court noted in Defendant's first motion for summary judgment was that Defendant did not sufficiently describe its search for records about Plaintiff that are maintained in a Privacy Act system of records.[2]

An agency may satisfy its burden under the Privacy Act by providing a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive records (if such records exist) were searched." <u>Chambers v. U.S. Dep't of Interior</u>, 568 F.3d 998, 1003 (D.C. Cir. 2009)(quoting <u>McCready v. Nicholson</u>, 465 F.3d 1, 14 (D.C. Cir. 2006); <u>see</u> <u>Lee v. U.S. Attorney for S. Dist. of Fla.</u>, 289 F. App'x 377, 380 (11th Cir.

---

[2] Defendant distinguishes between N.S.A. systems of records subject to the Privacy Act containing information pertaining to individuals affiliated with the agency (e.g. applicants, employees, contractors) and N.S.A. systems of records containing foreign intelligence information. The latter is addressed in the previous section and falls under Exemption 1 of FOIA and therefore also the Privacy Act exemptions; the former is addressed in this section.

2008)(affirming district court's grant of summary judgment in favor of agency and concluding that its search for records responsive to plaintiff's Privacy Act and FOIA requests was reasonable where defendants produced detailed affidavits explaining the method of processing plaintiff's records request and showing that they searched where the record might reasonably have been found).

As Mr. Sherman explains in his first declaration, the agency did not locate any such records after conducting a search of the systems that would likely contain records about Plaintiff, if such records existed. In his second declaration, Mr. Sherman describes that search in detail. His description includes the names of the offices at the agency involved in the search, the name of the database searched, the history and purpose of that database, the search terms used to search that database, and the reason that particular database is the most likely location where information about Plaintiff might reasonably be found. That search returned no results. These facts, considered in the light most favorable to Plaintiff, is sufficient to warrant summary judgment in favor of Defendant as to Plaintiff's Privacy Act claim.

## IV. PLAINTIFF's MOTION TO AMEND JUDGMENT

Citing Federal Rule of Civil Procedure 59(e), Plaintiff timely filed a motion seeking amendment of the first summary

9

judgment the Court granted in favor of Defendant as to Plaintiff's FOIA claim. In that Order, the Court noted that "[b]ecause Plaintiff fails to rebut Defendant's position regarding the propriety of its Glomar response,[3] Defendant's amended motion for summary judgment as to Plaintiff's FOIA request is granted." In his motion to amend judgment, Plaintiff attempts to provide that rebuttal. The time for doing so, however, is passed.

The only grounds for granting a Rule 59(e) motion are newly discovered evidence or manifest errors of law or fact. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)(citations omitted). A Rule 59(e) motion cannot be used to relitigate old matters, or raise argument or present evidence that could and should have been presented at the time of the previous decision. Id.

In his motion, Plaintiff expresses dissatisfaction and frustration with Defendant's refusal to acknowledge the existence or non-existence of intelligence records on Plaintiff. He demands something more than a mere "conclusionary

---

[3] A refusal to admit or deny the existence of records is commonly known as a Glomar response. See Office of Capital Collateral Counsel ex rel. Mordenti v. Dep't of Justice, 331 F.3d 799, 801 n.3 (11th Cir. 2003)("A Glomar response neither confirms nor denies the existence of documents sought in the FOIA request. This term has its origin in a case involving a FOIA request for information on the GLOMAR EXPLORER submarine-retrieval ship.")(citing Phillippi v. C.I.A., 546 F.2d 1009 (D.C. Cir. 1976)).

10

statement" and attempts to challenge the constitutionality of a Glomar response. Plaintiff does not explain why these arguments were not raised earlier, and he may not use a Rule 59(e) motion to raise them now. Even if he did timely rebut Defendant's position regarding the propriety of its Glomar response, his arguments would likely fail on the merits. For the reasons stated in this Order, Plaintiff's request for records from Defendant, if they exist, is exempt from disclosure under 5 U.S.C. § 552(b)(1) and therefore also 5 U.S.C § 552a(k)(1). Plaintiff's motion to amend judgment is **DENIED**.

## V. CONCLUSION

Based upon the foregoing, Defendant's motion for summary judgment (doc. no. 27) is **GRANTED**, and Plaintiff's motion to amend judgment (doc. no. 25) is **DENIED**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of September, 2014.

UNITED STATES DISTRICT JUDGE

11